FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2017 MAR 27 PM 2:58
STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT OF WYOMING

TIM LOOMIS,

    Plaintiff,

vs.    No.: 17-CV-56-SWS

PEAK POWERSPORTS, LLC
A Wyoming Limited Liability Company
SERVE: Mr. Richard M. Davis, Jr.
40 S. Main St.
P.O. Box 728
Sheridan, WY 82801,

    Defendant.

## COMPLAINT
## COUNT I
### (VIOLATION OF FAIR LABOR STANDARDS ACT)

**COMES NOW** Tim Loomis, hereinafter referred to as Plaintiff, with counsel, Seth Shumaker, and for Count I of his Complaint against Peak Powersports, LLC, hereinafter referred to as Defendant, states:

1. Plaintiff is a resident of Sheridan County, Wyoming.

2. Defendant is a Wyoming Limited Liability Company, with its principal place of business located at 1440 Wesco Ct. Sheridan, Sheridan County, Wyoming, and at all times mentioned herein, maintains a retail store at the same address.

3. At all times mentioned in this complaint, Plaintiff was an employee of Defendant in its above-mentioned retail store. Plaintiff brings this action to recover unpaid minimum wages, overtime compensation, liquidated damages, attorney's fees, and costs under the provisions of section 16(b) of the fair Labor Standards Act of 1938, as amended (29 U.S.C.A. Section 201 et



Receipt # CCS 1846
Summons: 1 issued
           not Issued

seq.), here referred to as the Act.

4. Since March 7, 2015, Plaintiff was employed by Defendant in defendant's store on the basis of a contract, whereby Plaintiff agreed to work 40 hours per week at a set and determined amount of compensation. Defendant, after entering into the employment contract with Plaintiff, required Plaintiff to work hours in excess of 40 hours per week and has failed and refused to pay compensation for the labor and hours in excess of 40 hours per week as performed by Plaintiff. Specifically, Plaintiff verily believes that he worked approximately 800.5 hours in excess of 40 hours in each week during the time period of March 7, 2015 to March 2, 2016 without being compensated by Defendant for the same.

5. Defendant employer sells recreational motor sports vehicles and other products to the general public and said vehicles and products are shipped to the Defendant via interstate commerce. Furthermore, Defendant, at all times material, had an annual gross volume of sales of not less than the current minimum dollar amount for application of the Act, exclusive of excise taxes at the retail level. For this reason, Defendant, at all material times, was an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(s) of the Act and for this reason, Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.

6. Plaintiff was employed by the Defendant performing duties associated with the sales and service of its recreational motor sports vehicles at its Sheridan, Wyoming location.

7. Plaintiff's duties for the Defendant never included the discipline of or the hiring and/or firing of any of Defendant's employees. Additionally, Plaintiff's duties for Defendant did not include those duties which would constitute an exemption to the Act.

8. Defendant terminated Plaintiff's employment on March 2, 2016. As such, this action is timely pursuant to 29 U.S.C.A. Section 255(a).

9. Pursuant to 29 C.F.R. 778.107, Plaintiff is entitled to twice that amount due him from the Defendant as and for overtime compensation.

10. Pursuant to 29 U.S.C.A. Section 216(b), Plaintiff is entitled to judgment in his favor and against the Defendant for Plaintiff's attorney's fees, costs and expenses associated with this action.

**WHEREFORE**, Plaintiff requests:

1. Judgment against Defendant in the amount of at least $34,641.65 for overtime compensation and such further amount due for overtime compensation as Plaintiff may be entitled to in this action, together with liquidated damages in an equal amount.

2. Award to Plaintiff those costs included under the provisions of the Fair Labor Standards Act, as amended.

3. Award to Plaintiff his attorney's fees for prosecuting this action; and

4. Such other relief as the Court deems just and proper.

### COUNT II
### (BREACH OF CONTRACT)

**COMES NOW** Plaintiff, Tim Loomis, and for Count II of his Complaint against Defendant, Peak Powersports, LLC, states:

11. Plaintiff realleges and incorporates paragraphs one (1) through eight (8) of Count I as if fully set forth herein.

12. As part of Plaintiff's employment terms with Defendant, Defendant agreed to

provide Plaintiff with a retirement plan after Plaintiff was employed by Defendant for 60 days.

13. Plaintiff worked more than 60 days for the Defendant but Defendant wholly failed to provide the Plaintiff with a retirement plan.

14. Defendant's promise to provide Plaintiff a retirement plan was a material and substantial consideration of Plaintiff's employment contract with the Defendant.

15. Defendant is therefore in breach of its contract with the Plaintiff.

16. Due to Defendant's breach, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff prays judgment against Defendant for compensatory damages, for costs and such other and further orders as the Court deems just and proper.

Respectfully submitted,

_____
Tim Loomis, Plaintiff

State of Wyoming   )
                   ) ss.
County of Sheridan )

Before me, a Notary Public, appeared Tim Loomis, known to me to be the Plaintiff in the above-captioned matter, and who, on this 17 day of March, 2017, after being duly sworn, states the averments contained in this Complaint are true and correct to his best knowledge and belief at this time.

JENNIFER D. COVOLO
Wyoming
Notary Public, County of Sheridan
My Commission Expires
October 05, 2019

_____
Notary Public

My commission expires: October 05, 2019

_____
Seth Shumaker, WSB 6-3818

2 North Main, Ste. 103
Sheridan, WY 82801
307/675-1233
307/675-1235 (fax)
sheridanwyolaw@gmail.com
Attorney for Plaintiff